UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ALAN THIBODEAUX | CIVIL ACTION NO.: |
| VERSUS | DIVISION |
| MONY LIFE INSURANCE COMPANY OF AMERICA, AXA EQUITABLE LIFE INSURANCE COMPANY, LOUISIANA HEALTHCARE SERVICE AND INDEMNITY COMPANY EMPLOYEE WELFARE BENEFITS PLAN, AND LOUISIANA HEALTH SERVICE AND INDEMNITY COMPANY, PAC | |

## COMPLAINT

### I.   PARTIES

1. Plaintiff, **Alan Thibodeaux**, is a person of the full age of majority, and a resident of East Baton Rouge Parish.

2. Defendant, **Mony Life Insurance Company of America ("Mony")**, is a foreign corporation authorized to do and doing business in the State of Louisiana in this judicial district.

3. Defendant, **AXA Equitable Life Insurance Company, ("AXA")**, is a foreign corporation authorized to do and doing business in the State of Louisiana in this judicial district.

4. Defendant, **Louisiana Healthcare Service and Indemnity Company Employee Welfare Benefits Plan ("the Plan")** is an employee benefit plan, created, established, sponsored, administered, and funded by Defendant, **Louisiana Health Service and Indemnity Company, PAC ("LHSIC")** in the state of Louisiana.

5. Defendant, **LHSIC**, is a Louisiana corporation with its principal business establishment in Louisiana, and is authorized to do and doing business in Louisiana, and is the Plan Administrator of the Plan.

## II.     JURISDICTION & VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this suit involves questions of federal law, namely the Employee Retirement Income Security Act of 1974 ("ERISA").

7. Venue is proper in this district under 28 U.S.C. §1391(b) because Plaintiff is a resident of this district, and a substantial part of the events giving rise to the claim occurred in this district.

## III.     FACTS & ALLEGATIONS

8. Defendant, AXA, acted at all relevant times as a fiduciary of the Plan by virtue of being under contract with the Plan, LHSIC, and Mony to provide certain claims services relevant here.

9. Defendant, Mony, acted at all relevant times as a fiduciary of the Plan by virtue of being under contract with the Plan and LHSIC to insure the Plan and provide certain claims services relevant here.

10. Defendant, Mony, insured the Plan and Plaintiff as beneficiary for all benefits at issue here through an insurance policy ("the Policy").

11. Plaintiff was an employee of LHSIC, was at all relevant times a participant of the Plan, and at all times qualified as a beneficiary under the Plan for benefits under the Plan and the Policy.

12. Among other benefits, the Plan and the Policy provided Plaintiff with Spousal Accidental Death and Dismemberment insurance benefits.

13. At all relevant times, Kimberly Thibodeaux ("Decedent") was the lawful spouse of Plaintiff.

14. On April 13, 2019, Decedent died by accident as defined by the Plan and the Policy.

15. Defendants, the Plan, LHSIC, AXA and Mony, had a duty to furnish certain records, documents and information to Plaintiff upon request, including "all documents, records, and other information relevant to [Plaintiff's] claim for benefits" within 30 days of receipt of such request. 29 CFR 2560.503-1(i)(3).

16. Defendants, the Plan, LHSIC, AXA and Mony also had a duty to furnish certain Plan documents to Plaintiff upon request including a copy of the applicable Plan, the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreements, trust agreements, contracts, including insurance and claims administrator contracts, or any other instruments under which the Plan is established or operated within 30 days of receipt of such request. 29 U.S.C.A. § 1024(b)(4).

17. Defendants, the Plan and LHSIC, are vicariously liable for the acts of their contractual agents, AXA and Mony.

18. Plaintiff wrote to Defendant, AXA, requesting a copy of the documents it was under duty to provide as set forth above.

19. Defendant AXA failed to provide a complete copy of all requested documents within 30 days of Plaintiff's request.

20. Defendants, AXA, Mony, the Plan and LHSIC, must therefore pay a penalty of $110 per day beginning thirty days after Plaintiff's request for documents.

21. Despite receiving overwhelming proof that Plaintiff qualified for benefits under the Plan and the Policy terms, Defendants, AXA, Mony, LHSIC and the Plan arbitrarily and capriciously refused to pay benefits Plaintiff is entitled to receive under the terms of the Plan and the Policy.

22. Plaintiff provided timely application for benefits and proof of loss as required by the Plan and the Policy.

23. During the course of the claims process, Defendants, AXA, Mony, The Plan and LHSIC, violated applicable ERISA regulations, including but not limited to the following violations which amount to procedural unreasonableness, independently requiring the reversal of its claim denial:

   a. Failure to provide notice in an initial claim denial letter of Plaintiff's right to receive plan and claim documents as ERISA requires.

   b. Failure to adequately explain the basis of the denial or the evidence supporting the denial in the original or the denial on appeal review.

   c. Failure to employ a properly- credentialed medical or other expert in the original denial.

   d. Failure to provide a reasonable or ERISA- compliant claim or administrative appeal process or independent review of the initial denial, including an independent and properly credentialed medical or other expert or independent administrative appeal claim review personnel not involved in the original denial.

    e. Failure to fully explain Plaintiff's rights and deadlines that follow a determination on administrative appeal as ERISA regulations require, including the date of the deadline for filing suit.

    f. Failure to follow the claims process of the Plan, the Policy or any process complying with applicable ERISA regulations.

    g. Misleading Plaintiff by inaccurately stating that a second appeal is required from the claim denial before filing suit.

    h. Improperly delegating or permitting benefit determination duties and tasks to or by persons or entities without proper formal authorization by the Plan, the Plan Administrator or the Policy.

24. Plaintiff incurred attorney's fees in order to pursue benefits from the Plan.

25. Plaintiff is entitled to judgment awarding ADD benefits owed under the terms of the Plan from Defendants, AXA, Mony, LHSIC and the Plan.

26. Plaintiff is entitled to judgment awarding reasonable attorney fees incurred in pursuit of these claims from Defendants, AXA, Mony, LHSIC and the Plan.

27. The standard of review of Plaintiff's claims herein is *de novo*, by virtue of no grant of discretionary authority being properly vested in the ultimate claim decision maker, and due to the failure of Defendants to comply with applicable ERISA claim regulations.

**WHEREFORE**, Plaintiff **ALAN THIBODEAUX**, prays for judgment against Defendants, **MONY LIFE INSURANCE COMPANY OF AMERICA, AXA EQUITABLE LIFE INSURANCE COMPANY, LOUISIANA HEALTHCARE SERVICE AND INDEMNITY COMPANY EMPLOYEE WELFARE BENEFITS PLAN, AND LOUISIANA HEALTH SERVICE INDEMNITY COMPANY, PAC** as follows:

1. For all benefits due Plaintiff under terms of the Plan and the Policy, plus appropriate pre- and post-judgment interest;

2. For all reasonable attorney's fees;

3. For costs of suit; and

4. For all other relief as the facts and law may provide.

Respectfully Submitted,

s/J. Price McNamara

_____

**J. PRICE McNAMARA**
Bar Nos: LA 20291 & TX 24084626
10455 Jefferson Highway, Ste. 2B
Baton Rouge, LA 70809
Telephone: 225-201-8311
Facsimile: 225-612-6973
price@jpricemcnamara.com
Attorney for Complainant